H5BLEVAP                     Plea

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          16 CR 749 (RA)

5    KHALIL EVANS,

6              Defendant.

7    ------------------------------x

8                                     New York, N.Y.
                                      May 11, 2017
9                                     11:13 a.m.

10
     Before:
11
                    HON. RONNIE ABRAMS,
12
                                      District Judge
13

14                      APPEARANCES

15   JOON H. KIM
          Acting United States Attorney for the
16        Southern District of New York
     NATHAN REHN
17        Assistant United States Attorney

18   BRADLEY HENRY
          Attorney for Defendant
19

20

21

22

23

24

25

H5BLEVAP                         Plea

1          (Case called)

2          MR. REHN:  Good morning, your Honor.  Thane Rehn for

3     the United States.

4          THE COURT:  Good morning.

5          MR. HENRY:  Good morning, your Honor.  Brad Henry for

6     Mr. Evans, who's seated to my right at counsel table.

7          THE COURT:  Good morning to both of you.

8          Mr. Evans, I understand that you wish to plead guilty

9     to Count One of the superseding indictment; is that correct?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Before deciding whether to accept your

12     plea, I'm going to ask you certain questions so I can be sure

13     you understand your rights, that you're pleading guilty

14     voluntarily, and that you're pleading guilty because you are

15     guilty and not for some other reason.  So if you don't

16     understand any of my questions, let me know.  You're free also

17     to speak to your attorney at any time.  Okay?

18          THE DEFENDANT:  Okay.

19          THE COURT:  Ms. Cavale, please place the defendant

20     under oath.

21          (Defendant sworn)

22          THE COURT:  All right.  So first you should know that

23     since you're under oath, if you answer any of my questions

24     falsely, you could be charged with a separate crime of perjury.

25          Do you understand that?

H5BLEVAP                    Plea

1              THE DEFENDANT:  Yes, I do.

2              THE COURT:  I'm going to start by asking you questions

3       to ensure that you're competent to plead guilty.  These are

4       questions that I ask of all defendants in this situation.

5              How old are you?

6              THE DEFENDANT:  Twenty-three years old.

7              THE COURT:  And how far did you go in school?

8              THE DEFENDANT:  I finished high school.

9              THE COURT:  Have you ever been treated or hospitalized

10      for mental illness?

11             THE DEFENDANT:  No.

12             THE COURT:  Have you ever been addicted to drugs or to

13      alcohol?

14             THE DEFENDANT:  No, your Honor.

15             THE COURT:  In the past 24 hours, have you taken any

16      drugs, medicine, or pills, or drunk any alcoholic beverages?

17             THE DEFENDANT:  No, your Honor.

18             THE COURT:  Is your mind clear today?

19             THE DEFENDANT:  Yep.

20             THE COURT:  Do you understand what's happening in

21      these proceedings?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Okay.  Does either counsel have any doubt

24      as to Mr. Evans's competence to plead guilty at this time?

25             MR. REHN:  No, your Honor.

H5BLEVAP                    Plea

1          THE COURT:  Defense counsel, do you have any doubt as

2    to defendant's competence to plead guilty?

3          MR. HENRY:  I do not, your Honor.

4          THE COURT:  Thanks.  So on the basis Mr. Evans's

5    responses to my questions, his demeanor here in court, and

6    representations of counsel, I find that he is fully competent

7    to enter an informed plea of guilty at this time.

8          Have you had enough time and opportunity to discuss

9    your case with your attorney, including the nature of the

10   charges and any possible defenses that you may have?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  And has he discussed with you the

13   consequences of pleading guilty?

14         THE DEFENDANT:  Yes, fully.

15         THE COURT:  Are you satisfied with his representation

16   of you?

17         THE DEFENDANT:  Yes.

18         THE COURT:  All right.  Now what I'm going to do is

19   I'm going to explain certain constitutional rights that you

20   have to you.  These are rights that you will be giving up if

21   you enter a guilty plea.

22         So, first, under the Constitution and laws of the

23   United States, you have a right to plead not guilty to the

24   charge in the superseding indictment.

25         Do you understand that?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  And if you did plead not guilty, you would

3    be entitled under the Constitution to a speedy and public trial

4    by jury of those charges.

5          Do you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  In advance of trial, you would have the

8    opportunity to seek suppression of any or all of the evidence

9    against you on the basis that it was obtained in violation of

10   the Constitution.

11         Do you understand that?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  At trial, you would be presumed to be

14   innocent.  That means that you would not have to prove that

15   you're innocent.  Instead, the government would need to prove

16   your guilt beyond a reasonable doubt before you could be found

17   guilty.  So even if you did nothing and said nothing at trial,

18   you could not be convicted unless a jury of 12 people agreed

19   unanimously that you are guilty.

20         Do you understand that?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  During trial, the witnesses for the

23   prosecution would have to come to court and testify in your

24   presence, where you could see them and hear them and your

25   lawyer could cross-examine them.  If you wanted to, your lawyer

H5BLEVAP                        Plea

1    could offer evidence on your behalf.  You would be able to use

2    the court's power to compel or force witnesses to come to court

3    to testify truthfully in your defense even if they didn't want

4    to come.

5                Do you understand that?

6                THE DEFENDANT:  Yes, your Honor.

7                THE COURT:  At trial you would have the right to

8    testify if you wanted to, but you'd also have the right not to

9    testify.  And if you chose not to testify, that could not be

10   used against you in any way.  So no inference or suggestion of

11   guilt could be made from the fact that you did not testify or

12   chose not to testify.

13               Do you understand that?

14               THE DEFENDANT:  Yes.

15               THE COURT:  At trial and at every stage of your case,

16   you'd be entitled to be represented by an attorney, and if you

17   could not afford an attorney, one would be appointed free of

18   charge at public expense to represent you.

19               Do you understand that?

20               THE DEFENDANT:  Yes, your Honor.

21               THE COURT:  As I said before, you have the right to

22   plead not guilty.  So even as you sit here right now for

23   purposes of entering a guilty plea, you have the right to

24   change your mind and to go to trial.  But if you do plead

25   guilty and I accept your plea, there will be no trial and

H5BLEVAP                         Plea

you'll be giving up all of the rights that I just described.

If you plead guilty, all that will remain to be done is for me,

for the Court, to impose sentence.  I'm going to enter a

judgment of guilty.  I'm going to sentence you on that basis

after getting whatever submissions I get from you and your

lawyer and the government, as well as a presentence report

prepared by the probation department.  But there will be no

appeal with respect to whether the government could use the

evidence it has against you or with respect to whether you did

or did not commit the crime.

          Do you understand that?

          THE DEFENDANT:  Yes, your Honor.

          THE COURT:  In addition, if you plead guilty, you'll

have to give up your right not to incriminate yourself because

I'm going to ask you certain questions here in court today in

order to satisfy myself that you are guilty.  Okay?

          THE DEFENDANT:  All right.

          THE COURT:  So I understand that you seek to plead

guilty, as we discussed, to Count One of the superseding

indictment.  And Count One charges you with conspiring to

commit wire fraud in violation of Title 18, United States Code,

Section 1349.

          Mr. Rehn, could you please state the elements of the

offense in question.

          MR. REHN:  Yes, your Honor.  The elements of

H5BLEVAP                    Plea

conspiracy to commit wire fraud, there are two elements:

first, that there was a conspiracy to commit wire fraud; and,

second, that the defendant intentionally joined the conspiracy

knowing its unlawful objective.  The objective of this

conspiracy was to commit wire fraud.

        The government would not have to prove that the crime

of wire fraud was in fact committed, but the elements of wire

fraud, being the objective of the conspiracy, are three:

first, that there was a scheme or artifice to defraud or to

obtain money or property by materially false and fraudulent

pretenses, representations, or promises; second, that the

defendant knowingly and willfully participated in the scheme or

artifice to defraud with knowledge of its fraudulent nature and

with specific intent to defraud, or that he knowingly and

intentionally aided and abetted others in the scheme; and,

third, that in execution of that scheme, the defendant used or

caused the use of interstate wires.

        THE COURT:  So, Mr. Evans, do you understand if you

were to go to trial, the government would need to prove those

elements to a jury beyond a reasonable doubt; do you understand

that?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  All right.  Now I'm going to discuss the

maximum penalties.  The maximum means the most that could

possibly be imposed.  It doesn't necessarily mean it's the

H5BLEVAP                    Plea

1   sentence that you will receive, but you have to understand that

2   by pleading guilty, you're exposing yourself to the possibility

3   of receiving any combination of punishments up to the maximums.

4   Okay?

5              THE DEFENDANT:  All right.

6              THE COURT:  So, first, the maximum term of

7   imprisonment for this crime is 20 years in prison.

8              Do you understand that?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Any term of imprisonment could be followed

11  by a term of supervised release of up to three years.

12  Supervised release means that if you're sentenced to prison,

13  after you're released from prison, you'll be subject to the

14  supervision of the probation department.  You'll be required to

15  obey certain rules, and if you violate those rules, you can be

16  returned to prison without a jury trial to serve additional

17  time even beyond your original sentence.

18             Do you understand that?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  You should also understand that there's no

21  parole in the federal system.  So if you're sentenced to

22  prison, you will not be released early on parole, although

23  there is a limited opportunity to earn credit for good

24  behavior.

25             Do you understand that?

H5BLEVAP                     Plea

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  In addition to these restrictions on your

3    liberty, there are certain financial penalties that attach to

4    this crime.  The maximum allowable fine is $250,000 or twice

5    the gain you received from the crime or twice the loss to any

6    victims, whichever is greater.

7              Do you understand that?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  I'm also required to impose a mandatory

10   special assessment of $100, and I must order restitution to any

11   persons or entities injured as a result of your criminal

12   conduct.  And I can order you to forfeit all property derived

13   from the offense or used to facilitate the offense.

14             Do you understand that those are the maximum penalties

15   for this crime?

16             THE DEFENDANT:  Yes, I do, your Honor.

17             THE COURT:  All right.  You should also be aware that

18   the punishments I've just described are those that may be part

19   of a sentence, but being convicted of a felony may have other

20   consequences.

21             You are not a United States citizen, correct?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  You should understand that as a result of

24   your guilty plea, you may be removed or deported from the

25   United States, and in certain circumstances removal or

H5BLEVAP                          Plea

1    deportation may be likely or even mandatory.

2              Do you understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Do you also understand that in the future,

5    you may be denied citizenship or even admission into the United

6    States?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Did you discuss the possible immigration

9    consequences of your plea with your attorney?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Now, in imposing sentence, federal judges

12   are required to consider the recommendations of the federal

13   sentencing guidelines.  The guidelines are a complicated set of

14   rules for determining an appropriate sentence.  And although

15   judges are required to consider the guidelines, in the end, the

16   judge is required to give a sentence that she believes best

17   satisfies the purposes of the criminal law, even if that's

18   higher or lower than the guidelines recommendation.

19             Have you discussed the sentencing guidelines with your

20   attorney?

21             THE DEFENDANT:  Yes, I have.

22             THE COURT:  And do you understand they're only

23   recommendations to the Court?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Now, I understand that you've entered into

H5BLEVAP                    Plea

1    a written plea agreement with the government.  I have what

2    appears to be that agreement.  It's dated April 28.  It's

3    addressed to your attorney, Mr. Henry, and signed by AUSA Rehn

4    in addition to the supervisory office.  It has attached as

5    Exhibit 1 a consent preliminary order of forfeiture as to

6    specific property/money judgment, and I'm going to ask

7    Ms. Cavale to show it to you.

8              Is that your signature?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Before signing this agreement, did you

11   read it?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Did you discuss it with your attorney?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  I realize it's a long document.  It

16   contains some technical legal language.  But after discussing

17   it with your attorney, do you understand all the terms of the

18   agreement?

19             THE DEFENDANT:  Yes, he explained it to me.

20             THE COURT:  Sorry?

21             THE DEFENDANT:  He explained it to me.

22             THE COURT:  He did, okay.  So I'm going to ask the

23   government to summarize the terms of the agreement and then I'm

24   just going to highlight a few of them.

25             MR. REHN:  Yes, your Honor.  This plea agreement is an

1    agreement by the defendant to plead guilty to Count One of the

2    superseding indictment in exchange for the government's

3    agreement not to further prosecute him criminally for his

4    involvement in the conspiracy to defraud Apple stores in 2016.

5              The parties have agreed to a consent order of

6    forfeiture, as your Honor mentioned, in the amount of

7    $358,739.83.

8              The parties have also agreed to a stipulated guideline

9    range based on the offense conduct and other factors.  That

10   stipulated range is 15 to 21 months' imprisonment, along with a

11   applicable guidelines fine range of 7500 to $75,000.

12             The parties agree that neither a downward nor upward

13   departure from that range is warranted, but either party may

14   seek a sentence outside of the guidelines range based upon the

15   factors to be considered by the Court in imposing sentence.

16             The agreement also includes an agreement by the

17   defendant not to file an appeal or a collateral challenge if

18   the sentence imposed is below the stipulated guideline range,

19   if the fine is below the stipulated fine range, and if the

20   restitution amount is less than or equal to $358,739.83.

21             And, finally, there are an acknowledgment of the

22   defendant of the immigration consequences if he is not a

23   citizen of the United States, including the extremely high

24   likelihood that his deportation from the United States will be

25   mandatory.

1          THE COURT:  All right.  Thanks.

2          Do you understand all of that?  Do you have any

3     questions about any of that, Mr. Evans?

4          THE DEFENDANT:  No, I understand it, your Honor.

5          THE COURT:  So I'm just going to highlight a few of

6     those provisions.  One is the guideline sentencing range of 15

7     to 21 months.  That means that neither you or the government

8     can argue for a different guidelines calculation, although you

9     can seek a sentence outside of that range.

10          Do you understand that?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Okay.  You should understand that the

13     agreement doesn't bind me in any way.  I'm required to make my

14     own independent calculation of the guidelines and then

15     determine whether there's any basis not to follow that

16     recommendation.  I'm not saying that I'm going to come up with

17     a different range, but even if I do, you won't be allowed to

18     withdraw your plea.

19          Do you understand that?

20          THE DEFENDANT:  Yeah, I understand, your Honor.

21          THE COURT:  Okay.  Do you also understand that you're

22     giving up your right to appeal or otherwise challenge your

23     sentence as long as I sentence you to 21 months in prison or

24     less.  So if I sentence you to more than 21 months, you can

25     appeal under this agreement.  But if I sentence you to 21

H5BLEVAP                          Plea

1    months or less, you can't appeal under this agreement.

2             Do you understand that?

3             THE DEFENDANT:  Yes, your Honor.

4             THE COURT:  In addition, you have to understand that

5    you cannot appeal on the basis of any actual or perceived

6    immigration consequences, including deportation or removal,

7    that result from your guilty plea or conviction.

8             Do you understand that?

9             THE DEFENDANT:  Yes, your Honor.

10            THE COURT:  Okay.  Did you willingly sign this

11   agreement?

12            THE DEFENDANT:  Yes, your Honor.

13            THE COURT:  Has anyone threatened, bribed, or forced

14   you either to sign the agreement or to plead guilty?

15            THE DEFENDANT:  No, your Honor.

16            THE COURT:  Other than what's in the plea agreement,

17   has anyone offered you any inducement to plead guilty?

18            THE DEFENDANT:  No, your Honor.

19            THE COURT:  Has anyone made any promise to you as to

20   what your sentence will be?

21            THE DEFENDANT:  No, your Honor.

22            THE COURT:  And do you understand that if anyone even

23   attempted to predict what your sentence will be that that

24   prediction could be wrong?

25            THE DEFENDANT:  Yes.

H5BLEVAP                    Plea

1          THE COURT:  Even if you don't get the sentence that

2     you expect for or hope for, you still won't be allowed to

3     withdraw your plea.  Do you understand that?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  All right.  And we discussed the consent

6     order of forfeiture.  So now that you've been advised of the

7     charge against you and the possible penalties you face and the

8     rights you're giving up, is it still your intention to plead

9     guilty to this charge?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  So now I'm going to ask you the official

12     question with respect to Count One of the superseding

13     indictment:  How do you plead?

14          THE DEFENDANT:  Guilty.

15          THE COURT:  And do you admit or deny the forfeiture

16     allegation?

17          THE DEFENDANT:  Can you repeat that, please.

18          THE COURT:  Yeah.  So there's a forfeiture allegation

19     in the indictment and I'm asking you if you consent to and

20     admit that forfeiture allegation.

21          THE DEFENDANT:  Yes, I consent to it.

22          THE COURT:  All right.  So now tell me in your own

23     words what you did that makes you believe that you're guilty of

24     this crime.

25          THE DEFENDANT:  In March 2016, I agreed with one other

H5BLEVAP                        Plea

1    person to defraud --

2              THE COURT:  You know what, just speak really slowly.

3    It can be hard to hear in this room.  So if you can speak loud

4    and clear, that would be great.

5              THE DEFENDANT:  In March 2016, I agreed with one other

6    person to defraud Apple by acting as a decoy while the other

7    person manipulated the payment so that products were given by

8    Apple but no payment was made.  I knew what I was doing was

9    wrong when I did it.

10             THE COURT:  Does the government want to make a proffer

11   both with respect to venue and the interstate commerce

12   elements?

13             MR. REHN:  Yes, your Honor.  The incident the

14   defendant is describing in which he participated took place I

15   believe outside the district.  But if the case were to proceed

16   to trial, the government would present evidence that at least

17   one coconspirator took acts in furtherance of the conspiracy in

18   the Southern District of New York.

19             THE COURT:  All right.

20             MR. REHN:  And in terms of the interstate wires

21   element, the government would submit evidence at trial that in

22   perpetrating this scheme, when the payment device was

23   manipulated by a coconspirator, that initiated a wire

24   transaction approving a credit card transaction which was then

25   later canceled by a coconspirator, again, using interstate wire

H5BLEVAP                    Plea

1    communications.

2                THE COURT:  Can you please state what the government's

3    proof would be if the case were to go to trial.

4                MR. REHN:  Yes, your Honor.  If the case proceeded to

5    trial the government would present surveillance video and

6    transaction records obtained from Apple that would show the

7    defendant and coconspirators perpetrating this scheme,

8    transaction records showing that the transactions resulted in

9    obtaining large amounts of merchandise without any actual

10   payments taking place.  It would also include testimony

11   regarding how the scheme was perpetrated and the physical

12   device on which the scheme was perpetrated as well.

13               It would, in addition, with respect to this defendant,

14   include evidence obtained at the time of the defendant's

15   arrest.  He was arrested with other coconspirators in October

16   of 2016 along with -- they were all in a hotel room together

17   with evidence consistent with their role in the conspiracy,

18   including a large amount of currency and a number of Apple

19   devices.

20               THE COURT:  And do you have any additional questions

21   you'd like me to ask Mr. Evans?

22               MR. REHN:  No, I don't believe so, your Honor.

23               THE COURT:  Do both attorneys agree that there's a

24   sufficient factual predicate for the guilty plea?

25               MR. HENRY:  Yes, your Honor.

H5BLEVAP                    Plea

1          MR. REHN:  Yes, your Honor.

2          THE COURT:  All right.  So, Mr. Evans, because you

3    acknowledge that you're in fact guilty as charged in the

4    superseding indictment and because I'm satisfied that you

5    understand your rights, including your right to go to trial,

6    and that you're aware of the consequences of your plea,

7    including the sentence which may be imposed, I accept your

8    guilty plea to Count One of the superseding indictment.

9          I referenced a presentence report earlier that the

10   probation department is going to prepare.  Does defense counsel

11   wish to be present for this?

12         MR. HENRY:  I do, your Honor.

13         THE COURT:  All right.  If you choose to speak to the

14   probation department, please make sure anything you say is

15   truthful and accurate.  I'll read the presentence report

16   carefully.  It will be important to me into deciding what

17   sentence to impose.  You and your lawyer have a right to

18   examine the report and comment on it at the time of the

19   sentencing, so I urge you to read it carefully and to discuss

20   it with your attorney.

21         I understand there's a request for an expedited

22   sentencing; is that correct?

23         MR. HENRY:  That's correct, your Honor.  I've been,

24   well, I attempted to get in contact with Ms. Williams at the

25   probation office to run through their procedure that we need to

H5BLEVAP                    Plea

1    do.  I understand in codefendant Kalibar's case a similar

2    procedure was undertaken.  And I've spoken to Noam Biale, who

3    is his attorney, to try to guide me along what I need to do to

4    follow a similar path.  I'll do that and advise the Court if

5    they're able to do the expedited.

6              THE COURT:  What I'd like to do is I'll set a

7    sentence.  Does July 5 make sense?

8              MR. HENRY:  That's fine with us, your Honor.

9              MR. REHN:  We can be available, your Honor.

10             THE COURT:  All right.  So July 5, why don't we say at

11   3:30.  And then if you need any help, Mr. Henry, with respect

12   to the expedited nature, let me know.

13             MR. HENRY:  Thank you.

14             THE COURT:  So the government should provide the

15   probation officer with its factual statement within a week.

16   And defense counsel, normally I say that you should have your

17   client interviewed within two weeks, but I think you should

18   move as quickly as you can here.  And I'll just ask counsel to

19   refer to my individual rules and practices in criminal cases.

20   Among other things, consistent with those rules, defense

21   submissions are due two weeks prior to sentencing and the

22   government's submission is due one week prior to sentencing.

23             And the defendant shall remain in custody pending

24   sentence.

25             Are there any other applications at this time?

H5BLEVAP                           Plea

1               MR. REHN:  None from the government, your Honor.

2               THE COURT:  Mr. Henry?

3               MR. HENRY:  Nothing from the defense.

4               THE COURT:  Thank you.  We're adjourned.

5                               o0o

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25